# Decisions of the Supreme Court of Missouri,

## JACKSON DISTRICT, SEPTEMBER TERM, 1830.

### BROWN *v.* THE BANK OF MISSOURI.

1. To make a letter to an agent evidence in a case, the agency must first be established.
2. A written instrument cannot be contradicted, but may be explained by parol testimony. (Note *a.*)

### ERROR from the Perry Circuit Court.

M'GIRK, C. J., delivered the opinion of the Court.

This was an action of assumpsit on a promissory note, made by one Wilkison to Brown, payable at the Branch Bank in Ste. Genevieve, and endorsed by Brown to the plaintiff. The action was brought against Brown, the endorser, about three years after the note became due and payable. Brown wrote the following letter, addressed to one G. F. Strother: "Dear sir, any indulgence you think proper to give Capt. Wilkison on his note, due the Branch Bank of Missouri, and on which I am endorser, will fully meet with my approbation and consent. Yours, &c."

The plaintiff on the trial of the issue of non-assumpsit, gave in evidence the note, proved the endorsement, and gave in evidence the presentation for payment, and the protest for want of payment. But no evidence was given of notice to Brown of the non-payment. Evidence was also given that Brown was endorser for the accommodation of Wilkison. The plaintiff then offered the above letter in evidence, to establish a fact which would dispense with notice of the non-payment. The defendant objected to the admissibility of the letter to establish any legal fact which would dispense with notice. The Court overruled the objection and permitted the evidence to be read. Wilkison was called by the plaintiff to prove some facts in the cause, and did so.

Bank of Missouri v. Brown.

The defendant then offered to prove by Wilkison, that Brown did not intend by his letter to guarantee the payment of the note, but only to show his acquiescence in the course the Bank had pursued with regard to the note as the bill of exceptions stated. The Court rejected this testimony. The plaintiff had judgment. Several errors have been assigned, of which only two will be noticed by the Court; the law on the others being with the defendants in error.

The first point is, did the Court err in receiving the letter in evidence? The objection is, that the testimony is incompetent to establish any material fact in the cause. The defendant in error insists, that this paper, by its legal effect, establishes the fact, that Brown considered himself liable, and that he treated with the Bank as a liable person, and having considered himself so, the legal inference arises, that he had legal notice of the non-payment of the note. It is answered to this, that there is no evidence except the letter itself, to prove Strother was the agent of the Bank, and until his agency is established, no connection can be supposed to exist between Brown and the Bank, so as to create the legal presumption that Brown treated with the Bank as a person having on him any legal liability. But it is insisted, that the letter by treating with Strother about the note, recognizes him as the Bank's agent. It is true the letter recognizes in Strother a power to control the note as it respects Wilkison; but whether this power existed in Strother by reason that he was the owner of the note, or the agent of the Bank, we cannot infer from any evidence then before the Court. Now in this case the Court did infer that Strother was the agent of the Bank, and must have made this inference from the fact that the note was endorsed to the Bank by Brown, and from the fact that the letter recognized Strother as having a power over the matter. These circumstances would rather prove that Brown considered Strother the owner of the note, and if it were so, then the letter was inadmissible, because irrelevant, and because it would belong to another party, and another cause. Strother's agency ought to have been established before the letter could be evidence in the case. We think the testimony too slight on this point, and that the paper ought to have been rejected. But suppose the agency had been established; yet (193) another question arises, which is, does Brown by this letter acknowledge any existing liability on him to pay the note as endorser, which would raise the legal presumption that he had notice in due time of the non-payment of the note? What does the letter say? It says not one word about present liability, nor any thing from which a jury could legally infer that any such liability did exist, and if that could not be legally inferred, then the paper was no testimony in the case.

The construction which we feel ourselves compelled to give this letter, is this: that Brown neither acknowledged nor denied any present liability, nor took upon himself any new liability, except such as might arise out of future acts of indulgence by the Bank to Wilkison. For he says, "future acts of indulgence will meet my consent;" and not that previous acts of indulgence do meet my consent. Suppose Brown had said that he believed in law he was liable, and had said no more. Would that be any legal testimony that he had notice of the non-payment in due time, and in the absence of all other testimony? We think not. In our opinion, the whole meaning of the letter is, that full scope is given to Strother to indulge Wilkison in future, and that Brown will not avail himself of any advantages that might arise to him, if it were done without his consent; according to this view, the letter raised no legal evidence that notice of non-payment had been given to Brown in due time.

61

Governor of Missouri, &c., v. Byrd, &c.

The remaining point to be considered is, did the Court err in refusing testimony which went to show that Brown did not intend by the writing to guarantee the payment of the money. It is contended by the defendant's counsel, that to let in this testimony would be to contradict the written instrument, or to enlarge the obvious meaning of the letter. It is most clear that no testimony can be admitted to contradict a written instrument. But here testimony might be admitted to explain the circumstances which took place at the time the letter was made. It might be, that the letter related to another transaction; and if so, then it would be competent to prove it, and if proved, then the letter would be no guarantee of this debt. But it is unnecessary to labor this point, because the decision of the previous point establishes enough for the plaintiff in error.

The judgment is reversed, with costs, and remanded for a new trial.

TOMPKINS, J., dissenting. I do not concur in this opinion.

(a.) See Benson v. Peeble, 5 Mo. R. p. 139.